**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5721-17T1

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

GARY K. FLOYD,

      Defendant-Appellant.

_____

Submitted November 5, 2020 – Decided December 1, 2020

Before Judges Alvarez and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Indictment No. 17-07-0449.

Joseph E. Krakora, Public Defender, attorney for appellant (Joshua D. Sanders, Assistant Deputy Public Defender, of counsel and on the brief).

Esther Suarez, Hudson County Prosecutor, attorney for respondent (Erin M. Campbell, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Gary K. Floyd appeals the denial of his motion to suppress evidence, specifically, a handgun. After the judge denied the application, defendant entered a guilty plea[1] to the charge of second-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b)(1). On July 23, 2018, in accordance with the negotiated plea, he was sentenced to five years imprisonment, subject to a year of parole ineligibility, pursuant to the Graves Act, N.J.S.A. 2C:43-6. We affirm for the reasons stated by Judge John A. Young, Jr., adding some brief comments.

Jersey City Police Officer Patrick Marella testified at the suppression hearing that on April 28, 2017, he was on patrol in a marked vehicle with a partner, Officer Nick Lawson. At approximately 9:00 p.m., the officers observed a blue Buick with tinted windows fail to signal a left turn, and they pulled the car over. As Lawson approached the driver's side, he said to Marella, who stood on the passenger side, that he saw a bullet hole "on my side."[2] Lawson asked the occupants to lower their windows because the officers could not see

---

[1] Defendant was separately indicted for the same offense, illegal gun possession, on a different occasion. The plea called for the same concurrent sentence on both indictments.

[2] When shown a close-up photograph during the hearing of the bullet hole, Marella referred to it as a bullet hole in the rear driver's side door.

A-5721-17T1

through the tinted glass. The driver was unable to produce his driver's license. Lawson performed a Terry[3] frisk on the driver. Meanwhile, Marella saw defendant appearing to shift around in his seat in the rear, apparently nervous. Marella had been speaking to the front seat passenger, but when he noticed defendant's movements, he asked defendant to step out of the car. When defendant did so, with the aid of a flashlight, the officer saw a tightly secured black plastic bag tied around "the handle of a handgun sitting on the lip of [a] back pouch . . . of the passenger seat." The officer said he identified the object immediately upon seeing the gun handle, confirming his identification once he had his hand on the bag. Photographs of the interior and exterior of the car, as well as the bag and the gun itself, were admitted into evidence. Marella said they removed the gun immediately. The officers were outnumbered by the occupants of the car, it was dark, and Lawson and Marella did not know how close the backup officers were to the location of the stop.

On cross-examination, the officer testified that he could not actually see the handle of the gun, only the shapes and contours inside the bag. He did not believe that the gun would have fit inside the pouch, as it contained other items.

---

[3] Terry v. Ohio, 392 U.S. 1, 27 (1968) (establishing a "narrowly drawn authority to permit a reasonable search for weapons for the protection of the police officer.").

A-5721-17T1

Marella said he knew immediately when he looked at the bag that there was a gun inside. When Marella authored the complaint's probable cause narrative, he stated that he saw the "butt of [a] handgun near [a] plastic bag observed protruding from the rear pouch of the passenger seat."

The judge found the facts as we have described them in the testimony. In addition, the judge found Marella to be a credible witness.

Because Marella saw the handgun while standing outside of the car "during a lawful motor vehicle stop," the judge opined the plain view exception applied. The observation the officer made into the vehicle with the aid of his flashlight was not a search of the interior within the meaning of the Fourth Amendment. The judge also noted that the parties did not contest the initial motor vehicle stop. After having reviewed the relevant law as applied to the facts, the judge stated that because the handgun was in plain view, no warrant was required, the seizure was lawful, and the weapon would be admissible at trial.

Now on appeal, defendant raises the following point:

> BECAUSE LAW ENFORCEMENT ORDERED MR. FLOYD, A PASSENGER, TO STEP OUT OF THE CAR WITHOUT OBJECTIVE FACTS TO SUPPORT A REASONABLE SUSPICION OF DANGER OR A NEED TO SECURE THE SCENE, THE MOTION TO SUPPRESS SHOULD HAVE BEEN GRANTED.

A-5721-17T1

We note preliminarily that defendant did not argue at trial that the officers had no lawful basis to ask him to step out of the car. Defendant now attacks the circumstances, claiming that his movements and nervous appearance do not suffice as a matter of law to justify the request.

As always, we defer to the trial court's factual findings on a motion to suppress unless clearly mistaken or so wide of the mark as to require our intervention. State v. Elders, 192 N.J. 224, 245 (2007) (quoting N.J. Div. of Youth & Family Servs. v. M.M., 189 N.J. 261, 279 (2007)).

The judge's findings of fact and credibility determination on this record are amply supported. Our review of the trial judge's application of the law to these facts is de novo. State v. Harris, 181 N.J. 391, 416 (2004) (holding appellate courts "review de novo the lower court's application of any legal rules to [the] factual findings.").

We do not ordinarily consider questions that are raised for the first time on appeal. State v. Robinson, 200 N.J. 1, 19 (2009). This is particularly true with regard to a suppression hearing. Raising the issue now means the judge had no opportunity to analyze it, make factual findings, and apply the law. See State v. Witt, 223 N.J. 409, 419 (2015) (citing Robinson, 200 N.J. at 19).

A-5721-17T1

Even if we were to consider defendant's argument, however, it is so lacking in merit as to not warrant much discussion in a written opinion. R. 2:11-3(e)(2). The cases defendant relies upon all lack the context of this unanticipated encounter between police and civilians. Unlike the cases defendant relies upon, in this case the officers had significant reasons to be concerned about their safety, namely, that a bullet hole was plainly visible in the body of the car. Because the windows were tinted and the officers could not see inside, they had no alternative but to ask the occupants to roll them down, and take the precaution of patting down the driver for their own safety. The pat-down occurred before Marella saw the gun handle. Given the bullet hole, the tinted windows, and defendant's nervous appearance while shifting in the back seat, Marella had sufficient basis to ask him to step outside of the car.

In State v. Smith, 134 N.J. 599, 618 (1994), the Court explained "that an officer must be able to point to specific and articulable facts that would warrant heightened caution to justify ordering the occupants to step out of a vehicle detained for a traffic violation." The standard is not as stringent as the Terry standard, and

> the officer need point only to some fact or facts in the totality of the circumstances that would create in a police officer a heightened awareness of danger that would warrant an objectively reasonable officer in

6

securing the scene in a more effective manner by ordering the passenger to alight from the car.

[Ibid.]

We conclude that the combination of circumstances here gave rise to concern for officer safety and constituted justification for asking the passenger, defendant, to step outside the vehicle. Defendant does not challenge the plain view observation made by the officer. His challenge on appeal is limited only to defendant's removal from the vehicle, which we have addressed.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5721-17T1